JOHN J. TOOHEY, Jr., COMMISSIONER OF LABOR OF THE STATE OF NEW JERSEY, PLAINTIFF, v. ABROMOWITZ DEPARTMENT STORE, INC., DEFENDANT.

Submitted January 16, 1940—Decided February 23, 1940.

Before Justices BODINE and PERSKIE.

For the plaintiff, *David T. Wilentz.*

For the defendant, *William J. Blair.*

BODINE, J. The sole question in this case is the meaning of *R. S.* 34:2-24 as follows: "No female shall be employed or permitted to work in any manufacturing or mercantile establishment, bakery, laundry or restaurant more than ten hours in any one day or more than six days, or fifty-four hours in any one week."

The charge made by the Commissioner of Labor, which was dismissed in the Court of Common Pleas of Ocean county, was that in defendant's mercantile establishment it did employ Alice Stevenson, a female, more than six days in any one week, to wit, seven days, contrary to and in violation of said section 34:2-24 of the Revised Statutes, whereby said defendant incurred the penalty of $50 pursuant to section 34:2-27 of the Revised Statutes.

It seems to have been the view of the court that the statute did not forbid seven days work if, in all, the employment was for not more than fifty-four hours in any one week.

The prosecutor contends, and we think rightly, that the statute forbids in the employment mentioned female labor for more than ten hours in any one day. Public policy requires that there should be control over the hours of work in certain occupations. The public interest is not served by the physical injury resulting from labor too long continued. The statute further forbids more than six days labor in any one week. This has been regarded as good practice for men as well as women from the earliest time. The last provision forbidding more than fifty-four hours labor in any one week is like the others a separate offense. The words, as used by the legislature, are clear and unambiguous.

The judgment in the Court of Common Pleas will be set aside, but without costs.